

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ROBERT PRESSON,                                §<br>            Plaintiff,                     §<br>                                                     §<br>vs.                                                  §      CIVIL ACTION NO. 8:08-821-HFF-BHH<br>                                                     §<br>UNITED STATES OF AMERICA,      §<br>            Defendant.                     § | |

## ORDER

This case was filed as a medical malpractice action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Defendant's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 2, 2009, the Court granted Plaintiff an extension of time to file his objections on February 12, 2009, and the Clerk of Court entered

Plaintiff's objections to the Report on March 16, 2009.  In his objections, Plaintiff insisted that additional medical records were being mailed to the Court.  To ensure prompt resolution of his claim, the Court ordered Plaintiff to mail those records to the Court by March 26, 2009.  The Court has yet to receive any additional medical records.

Plaintiff suffered a broken leg on March 24, 2007, while playing basketball at FCI Bennettsville.  He underwent surgery to repair his leg on April 5, 2007, and his leg was placed in a cast.  In May 2007, Movant was transferred to the Federal Medical Facility at Butler, North Carolina for further treatment and rehabilitation.  While there, his cast was removed on May 25, 2007.  On June 29, 2007, Plaintiff underwent a second surgery to remove scar tissue from his knee.  Following that second surgery, Plaintiff continued to undergo physical therapy.

Plaintiff brought this medical malpractice lawsuit against the United States of America, alleging that the medical professionals who treated him breached the standard of care.  As noted in the Report, Plaintiff "appears to advance two bases of liability: (1) that the defendants delayed in having surgery on his broken leg and (2) that the defendants left the plaintiff's leg immobilized for eleven to twelve weeks in a cast, when the orthopedic surgeon ordered that it should be removed after three weeks."  (Report 4.)

In his objections, Plaintiff argues that the Magistrate Judge failed to consider his second operation in recommending that Defendant's motion for summary judgment be granted.  In an affidavit, Plaintiff suggests that the second surgery is evidence that the first surgery was negligently performed, and he insists that by not removing his cast, the prison medical personnel should have known that they were harming him.  He also included portions of his medical record related to his second operation.

Plaintiff's assertion that the Magistrate Judge failed to consider his second operation in recommending that summary judgment be granted is contradicted by the record. According to the Report, "On June 29, 2007, the plaintiff underwent arthroscopic surgery to remove the abnormal scar tissue from the plaintiff's knee and to achieve further flexion." (Report 8.) This surgery is the surgery Plaintiff asserts that the Magistrate Judge failed to consider. The Report goes on to discuss Plaintiff's arthrofibrosis, which the second surgery was designed to correct. Moreover, Plaintiff's malpractice claim does not arise out of the second operation. Instead, as previously noted, Plaintiff urges that the fact that a second operation was necessary is evidence of prior negligence regarding the timing of the first operation and the length of the casting. However, both of these issues were thoroughly addressed by the Magistrate Judge, and the Court agrees with the Magistrate Judge that both claims lack factual and legal support.

In support of his objections, Plaintiff attached approximately forty pages of medical records. After carefully reviewing those records, it appears that only four pages of the forty were not included as exhibits to Defendant's motion for summary judgment. Thus, only four pages of additional evidence have not been previously considered by the Magistrate Judge. Two of the pages appear to be post-surgical notes from Plaintiff's doctor describing the first surgery and Plaintiff's recovery. The Court finds nothing in those two pages of notes that undermines the Magistrate Judge's recommendation that summary judgment for Defendant is appropriate.

The other two pages are related to Plaintiff's pre-suit effort to obtain administrative relief. The first page is his "Attempt to Informal Resolution," which briefly summarizes his complaint, including the argument that his doctor told him that he was in the cast too long. The second page is the Bureau of Prison's response, which includes a statement from Plaintiff's doctor declaring that

he did not recall telling Plaintiff specifically that he was in his cast too long but noting that the cast did contribute to some of Plaintiff's stiffness. After reviewing these two pages, the Court finds nothing new that would undermine the Magistrate Judge's recommendation.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Defendant's motion for summary judgment be **GRANTED**.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.